UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JERRY McCUTCHEON, Individually and on behalf of all others similarly situated, | Civil Action No. 5:18-cv-249 |
| *Plaintiff*, | JURY TRIAL DEMANDED |
| v. | |
| PALADIN TOWING & RECOVERY INC. and BILLY KEVIL | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| *Defendants.* | CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Jerry McCutcheon brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Paladin Towing & Recovery Inc. and Billy Kevil (hereinafter "Defendants" or "Paladin"), at any time during the relevant statutes of limitations through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law.

## I.
## OVERVIEW

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action brought pursuant to Texas common law and FED. R. CIV. P. 23 to recover unpaid wages, overtime wages, and other applicable damages and penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Paladin at any time during the relevant statutes of limitations through the final disposition

of this matter, and were not paid for all hours worked or any overtime compensation in violation of state and federal law.

3. Specifically, Plaintiff and the Putative Class Members were paid a commission only on the number of vehicles they towed, regardless of the number of hours worked each week.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

5. Plaintiff and the Putative Class Members were not only not paid for all hours worked, but they were not paid overtime at the proper rate for all hours worked in excess of forty (40) hours each week.

6. The decision by Paladin not to pay for all hours worked or any overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Paladin knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1]

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also pray that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff also prays that the Rule 23/Texas Common Law class is certified as defined herein, and the Plaintiff designated herein be named as Class Representative.

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

# II.
# THE PARTIES

12. Plaintiff Jerry McCutcheon ("McCutcheon") worked for Paladin during the relevant time-period. Plaintiff McCutcheon was not paid for all hours worked nor did he receive overtime at the proper rate for all hours worked in excess of forty (40) hours per workweek.[2]

13. The Putative Class Members are those similarly situated employees who worked for Paladin during the relevant statutes of limitations and have been subjected to the same illegal pay system under which Plaintiff McCutcheon worked and was paid.

14. Paladin Towing & Recovery Inc. ("Paladin") is a Texas limited liability company, and may be served through its registered agent for service of process: **Billy Kevil, 1193 McLennan Crossing, Woodway, Texas 76712.**

15. Billy Kevil ("Kevil") is the owner of Paladin Towing & Recovery Inc. and an employer as defined by 29 U.S.C. § 203(d). Along with Paladin, Defendant Kevil employed or jointly employed Plaintiff and the Putative Class Members. Billy Kevil may be served with process at: **1193 McLennan Crossing, Woodway, Texas 76712, or wherever he may be found.**

16. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Paladin Towing & Recovery Inc. and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

---

[2] The written consent of Jerry McCutcheon is attached hereto as Exhibit "A."

# III.
# JURISDICTION & VENUE

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201, *et. seq.*

18. This Court has supplemental jurisdiction over the additional Texas state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over Paladin because the cause of action arose within this District as a result of Paladin's conduct within this District.

20. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Paladin has maintained a working presence throughout the State of Texas and Plaintiff and the Putative Class Members have worked for Paladin throughout the State of Texas, all of which is located in this District and Division.

22. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

# IV.
# ADDITIONAL FACTS

23. Paladin provides general towing, unlocking, off-road recovery and fuel delivery services throughout the State of Texas.

24. To provide their services, Paladin employed (and continues to employ) numerous tow truck drivers/operators—including Plaintiff and the individuals that make up the putative or potential class. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work in the towing and recovery business in the State of Texas.

25. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

26. Specifically, Defendant Kevil dictates the practice goals and what pressing or tactical items need to be done in order to meet the goals of Paladin and/or their clients.

27.     Further, Defendant Kevil manages key internal relationships to Paladin—that is, he directs the financials of Paladin and he controls the commissions of Plaintiff and the Putative Class Members who directly or indirectly report to Defendant Kevil.

28.     Moreover, Defendant Kevil has the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

29.     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law with respect to the entire employment for the workweeks at issue in this case.

30.     Plaintiff McCutcheon worked for Paladin from approximately July 2014 until August 2015 as a tow truck driver/operator.

31.     As a tow truck driver/operator, Plaintiff McCutcheon's primary duties were to drive, maintain and operate the trucks used to tow and recover disabled vehicles throughout the State of Texas.

32.     Paladin paid Plaintiff and the Putative Class Members a commission for each tow and/or recovery made. Specifically, Plaintiff McCutcheon was paid $40.00 commission for each tow and/or recovery, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

33.     Plaintiff McCutcheon would tow between one (1) to ten (10) vehicles per day during his sixteen (16) hour shift.

34.     Plaintiff and the Putative Class Members worked long hours. Specifically, Plaintiff and the Putative Class Members often worked more than 100 hours per week.

35. Pursuant to 29 C.F.R. § 778.117, any and all commissions should have been included in Plaintiff and the Putative Class Members' regular rates of pay before any and all overtime multipliers were applied.

36. Not only did Paladin fail to include these commissions in Plaintiff and the Putative Class Members' regular rates of pay before applying any and all overtime multipliers, Paladin did not pay Plaintiff and the Putative Class Members any overtime at all for work in excess of forty (40) hours per week.

37. Paladin applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were non-exempt employees entitled to be paid for all hours worked and overtime at the proper rate for all hours worked in excess of forty (40) each week.

38. Paladin was (and continues to be) aware that Plaintiff and the Putative Class Members were not paid for all hours worked nor were they paid the proper amount of overtime for all hours worked over forty (40) each week.

39. Paladin denied Plaintiff and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

40. Accordingly, Paladin's pay policies and practices violated (and continue to violate) the FLSA and Texas common law.

## V.
## CAUSES OF ACTION

**A. FLSA COVERAGE**

41. All previous paragraphs are incorporated as though fully set forth herein.

42. The FLSA Collective is defined as:

**ALL TOW TRUCK DRIVERS/OPERATORS WHO WORKED FOR PALADIN TOWING & RECOVERY INC. AND/OR BILLY KEVIL, AT ANY TIME FROM MARCH 15, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WERE NOT PAID FOR ALL HOURS WORKED AND DID NOT RECEIVE OVERTIME FOR ALL HOURS**

**WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

43. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

44. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

45. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

46. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Paladin, these individuals provided services for Paladin that involved interstate commerce for purposes of the FLSA.

47. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

48. Specifically, Plaintiff and the FLSA Collective Members are (or were) **_non-exempt_** employees who worked for Paladin and were engaged in vehicle towing and recovery services that were directly essential to the production of goods for Paladin and related companies. 29 U.S.C. § 203(j).

49. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

50. In violating the FLSA, Paladin acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

51. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 42.

52. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Paladin.

**B.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

53. All previous paragraphs are incorporated as though fully set forth herein.

54. Paladin violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rate.

55. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Paladin's acts or omissions as described herein; though Paladin is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

56. Moreover, Paladin knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

57. Paladin knew or should have known its pay practices were in violation of the FLSA.

58. Paladin is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

59. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Paladin to pay for all hours worked and overtime at the proper rate in accordance with the law.

60. The decision and practice by Paladin to not pay for all hours worked and overtime at the proper rate was neither reasonable nor in good faith.

61. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid (a) for all hours worked and (b) overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C. FLSA COLLECTIVE ACTION ALLEGATIONS

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

64. Other similarly situated employees have been victimized by Paladin's patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 42.

66. Paladin's failure to pay for all hours worked and overtime at the proper rate results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

67. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and overtime at the proper rate.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to be paid for all hours worked and overtime at the proper rate.

71. Paladin employed a substantial number of similarly situated individuals since March 15, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas.

72. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Paladin will retain the proceeds of its rampant violations.

73. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

74. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 42 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

**A. VIOLATIONS OF TEXAS COMMON LAW**

75. All previous paragraphs are incorporated as though fully set forth herein.

76. Plaintiff further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D.

Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

77. The Texas Common Law Class is defined as:

**ALL TOW TRUCK DRIVERS/OPERATORS WHO WORKED FOR PALADIN TOWING & RECOVERY INC. AND/OR BILLY KEVIL, IN THE STATE OF TEXAS, AT ANY TIME FROM MARCH 15, 2014 THROUGH THE FINAL DISPOSITION OF THIS MATTER, WERE NOT PAID FOR ALL HOURS WORKED AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("Texas Common Law Class" or "Texas Common Law Class Members").**

78. The Texas Common Law Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Burns v. Chesapeake Energy, Inc.*, No. SA-15-CV-1016-RP, (ECF No. 67) (W.D. Tex. Mar. 2, 2017) (recognizing that "gap time" or "straight time" claims, where the compensation sought is for hours worked in a week that are not in excess of forty and when the average wage paid is not below minimum wage, are not preempted by the FLSA); *see also Carman v. Meritage Homes Corp.*, 37 F.Supp.3d 860, 867 (S.D. Tex. 2014).

79. Plaintiff and the Texas Common Law Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

80. Defendants accepted Plaintiff and the Texas Common Law Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

81. Defendants were (and continue to be) aware that Plaintiff and the Texas Common Law Class Members expected to be compensated for the services they provided to Defendants.

82. Defendants have therefore been benefited from services rendered by Plaintiff and the Texas Common Law Class Members.

83. Plaintiff and the Texas Common Law Class Members are therefore entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.     TEXAS COMMON LAW CLASS ALLEGATIONS**

84. Plaintiff brings his Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since March 15, 2014. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

85. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

86. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

87. Plaintiff is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

88. Plaintiff and his counsel will fairly and adequately represent the class members and their interests.

89. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

90. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 77.

# VI.
# RELIEF SOUGHT

91. Plaintiff respectfully pray for judgment against Paladin as follows:

    a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 42 and requiring Paladin to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order certifying the Texas Common Law Class as defined in Paragraph 77 as a class action under Rule 23 and designating Jerry McCutcheon as the Class Representative of the Texas Common Law Class.

    c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    d. For an Order awarding Plaintiff (and those FLSA Collective Members who have joined in the suit) back wages that have been improperly withheld;

    e. For an Order pursuant to Section 16(b) of the FLSA finding Paladin liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    f. For an Order pursuant to Texas Common Law awarding Plaintiff and the Texas Common Law Class who performed work on behalf of Defendants in the State of Texas all damages allowed by law;

    g. For an Order awarding the costs and expenses of this action;

    h. For an Order awarding attorneys' fees;

i. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

j. For an Order awarding the Plaintiff a service award as permitted by law;

k. For an Order compelling the accounting of the books and records of Paladin, at Paladin's own expense; and

l. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 15, 2018

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys in Charge for Plaintiff and the Putative Class Members***